Ron is the first case in the morning call 209-1351, Dupree State of Illinois v. Paul D. Olsson. On behalf of the Avalon, Mr. Jack Hildebrandt. On behalf of the Avalon, Mr. Jay Hoffman. Mr. Hildebrandt, you may proceed. My name is Jack Hildebrandt and I'm representing Mr. Olsson in this matter. One thing we know for sure is that Mr. Olsson has been certified as a sex offender under the statute, due to the findings that were made at the discharge hearing. And that would be under 1D of the definitions. And those findings were, specifically? The findings? Yes. At the discharge hearing. Correct. The only findings were that he was acquitted of several of the charges. Okay. I think with the adjudicatory hearing, there's really no judgment or finding of not not guilty. I think as the statute reads, if you have a case where there is no acquittal, then you move on for further proceedings. It doesn't really say that there has to be any kind of judgment entered on not not guilty. It's just a determination of whether there's any acquittals there, or if the defendant is not guilty by reason of insanity. So as a sex offender, he has to register. And that is what the issue here is, is how long should he have to register for? And there's only two. You can either be required to serve or register for life, or register for ten years. And, of course, it's my position that he's required to register for ten years, because he does not qualify for any of those instances under the requirements that go to serving for life. He is not a sexually dangerous person. He's not a sexual predator. He's not a sexually violent person. And, therefore, the catch-all, which states in the duration of registration statute, that after they give these life registration requirements, then the catch-all phrase is that any other person who is required to register under this article shall be required to register for a period of ten years. That, to me, is the most logical way to read the statute, that it was not intended for a person in this type of situation to serve for life. One of the big differences I immediately see in the life registration requirements is that you actually have an adjudication of guilt in those cases. For a juvenile, there is a trial, and the judge does make a finding of guilt. And in a conviction, of course, we also have that exact same thing. There's always going to be a finding of guilt beyond a reasonable doubt by a trier of fact. However... Is there any sort of adjudication in this finding of not not guilty? No. Then why does he have to register at all? Well, that would be also would be a possibility. Well, that's not the possibility you're proposing, however. No, because the statute says that sex offenders have to register. So taking them at their word, I would say that he would have to register, and this is the closest one that fits him, and therefore it seems logical that that would be the one. But now isn't the danger to the public from someone who is found not not guilty and someone who's actually convicted of predatory criminal sexual assault of a child the same? And so really wouldn't the legislature logically require both to register for the length of their lives? No. We have one individual that has not been found guilty of anything. So I think there is a qualitative difference between those two. And if not, why are they making this catch-all phrase for the 10 years? I think it specifically is a catch-all for those people that we know for sure. We don't want walking around in our society without knowing where they are. Well, doesn't convicted mean that the court in a discharge hearing has found sufficient evidence of guilt? Doesn't there have to be? That's one way of saying it, but if you read the statute, there is no such findings. The only findings that can be made at those hearings are findings of acquittal or not guilty by reason of insanity. There's no findings under the statute for not not guilty. That's just an easy way to call it because it's such a confusing thing where a judge is making a determination about guilt based on a reasonable doubt, but that is not what his findings are to be about. They're to be about whether there's going to be an acquittal or not. This discharge hearing isn't really a criminal proceedings, correct? Correct. All right. But could we look at it in terms of, say, like a preliminary hearing in a criminal proceedings while there isn't a finding, there isn't a formal adjudication of not not guilty, there is some indication that there is probable cause to hold the person until such time as he's fit? Well, if we're going to call things adjudications and just kind of decide what are adjudications or not, a probable cause hearing then would become an adjudication for purposes of the Registration Act. That's even before we have a trial, before a jury's pick, or a preliminary hearing as you just talked about. At that early stages, I cannot believe that the legislature intended that preliminary findings, without any kind of trial, without hearsay coming in, and with the court to cut off the preliminary hearing. Well, we allow hearsay in preliminary hearings. Officers come and testify about what other people told them. And to subject a person to natural life registration based on that doesn't seem to be the way that this has all been set up. This is very, you know, such a serious thing to have to register, and especially to register for life. You know, we have people who are going to register for life. There has been guilty findings, basically, where in our situation here, there hasn't been. Under the due process clause of the Constitution, there can be no conviction of a mentally deficient person. So you can, it's impossible to have a final resolution of the crime while the defendant is still mentally disabled. And there's no dispute about the fact that this defendant is mentally disabled. So you have a situation where it's constitutionally impossible to have a final resolution of the crime. The defendant is sort of a holding pattern between charge and trial. And under those circumstances, I think, and the definition of sexual predator, where there's no definition for not not guilty, I think it would seem to me that you'd have to make a finding of 10 years rather than life. Well, I would agree with you because sex offenders have to register, period. And that's how I would view it as well. And a person who is in that situation is eventually going to be discharged and very well then have to stand for the charges. They're in a normal prosecution. And requiring that person to register for 10 years after being released seems to be plenty of time to keep society on notice of where this person is. And time for him to be properly charged in a criminal court. Well, it's possible that he would never be tried though. I mean, if he never becomes fit, he will stay in the institution for the length of time, only for the maximum length of time he could have been sentenced for that particular crime with which he's charged, correct? Yes. I think that that's true. However, you know, it's the person really isn't subject to registration until he's out. It seems to me that that's what the legislature is getting at when they use that. And because he doesn't fit into that first grouping, I don't see how there could be a finding that a person in this situation would have to register for his life. I mean, the statute is kind of difficult to follow, and there are some open-ended things going on in the statute. For example, if a person in this situation was eventually acquitted on all the charges, would he still have to register for life or would he still have to register for 10 years? Those things really aren't talked about in the statute. And it seems to me that since he does have to register, the statute seems to say he would have to register for zero years, as Justice Hutchinson was alluding to earlier, or 10 years. And I would just think it would be the legislature's intent that this would be for 10 years under this type of situation. Well, isn't there another question? When would that registration commence? When does it start? When he would be free from custody from a psychiatric institution or if he were convicted from prison. Right. Well, what if he stays in custody? Then there is no purpose for registering at that time because… Would the statute, as it's currently constituted, require him to register upon this – we're not calling it an adjudication – this unusual classification they put in the scheme, not guilty? I would say he would be subject to registration. I don't think he has to register. He's not required to register. That only kicks in if he ever makes it out of our institutions, whether it be a prison or a hospital. Well, what would happen if he regains his sanity, is released from the institution, and then the state convicts him of the crime, prosecutes, he has a trial, and convicts him? What happens then? Ordinarily, it would be a life registration at that point in time if he had a trial and a conviction. And the defendant seems to be in this window where he can't try, he can't be tried, he has the right to a discharge hearing. And as I understand, after the discharge hearing, the court can discharge him if it finds that the state doesn't have a case against him. That would put the state in a position to appeal that discharge fine. And the court either finds the state has no proof or finds Knott not guilty. And under the one interpretation of the statute, a Knott not guilty fine is not a conviction for purposes of the trial, a normal type conviction where you have a record of being guilty of the offense. That's the way I read the two statutes. I think I agree with you on that. Excuse me. I think the legislature also had that in mind, and that's exactly why they put in D that a sexual offender as a person after a discharge hearing is not acquitted. I think they knew that this was the gray area and attempted to deal with it, figuring, well, you know, we still have these people here who are in limbo, we should actually have something to say about that as well. Because we don't want these people also being released without our side really knowing what's going on with that individual, especially in the form of being convicted in a criminal court of those types of offenses. So I would say yes. And, um, I was just going to ask if there were any other questions. Thank you. Counsel. I am Jay Hoffman of the Appellate Prosecutor's Office. It's my pleasure to be before the court representing the people. You had a question? I'm sorry. I thought you were going to start with a question. Okay. As long as you're asking. What's the point under the statute of registration for life if there is the possibility in the statute that he will be tried and could be found guilty and then be a sexual predator who does have to register? What's the purpose? Because, and remember here, counsel, in his brief, not so much this morning, but as I said, well, under the criminal code, for someone at a discharge hearing, it's declared as a finding. But we're not judging the criminal code. It's important to remember we're judging the registration act here. Our position is that clearly by the language and by the intent of a registration act, a person who has committed the crimes that Mr. Olson has committed is intended to register for life. Now, to specifically answer your question, I understand that Mr. Olson or anybody in his situation is in a mid-ground. He was acquitted of two counts of aggravated criminal sexual abuse. And those are not? We would argue that they are for purposes of this act, Your Honor, because the act itself says in section 285 that a convicted person is found not guilty in one case of one count of aggravated criminal sexual abuse and the other of a count of aggravated criminal sexual – two counts of aggravated criminal sexual abuse and a count of predatory criminal sexual assault. But those aren't adjudications. We would argue that they are for purposes of this act, Your Honor, because the act itself says in section 285 that a conviction is the same as an adjudication. Well, that's only for purposes of juvenile – of juveniles. Isn't that correct? Isn't that the context in which – I don't believe so in A5. I believe it refers just to adjudication and convictions. But if I may go on. Sure. But then if you look at section 157, where it's – paragraph 7, where it speaks of the beginning of the registration for anyone, it says, except for someone who is in a hospital or incarcerated in jail, it begins at the time of the conviction or adjudication. There is no other thing listed. So what else can there be? The people would assert that a finding of not not guilty while admittedly under People v. Wade from the Supreme Court is not a final adjudication and therefore is not appealable. It is an adjudication. What else could it be? A judge has determined beyond a reasonable doubt that he is not innocent and essentially that he has committed these crimes. Well, not innocent is not guilty. Is not guilty. Not not guilty. I understand you on it. Okay. Our position is that if you look at those sections and look at this act under the plain language, being that they say it starts and if – again, someone brought up a question before us. Well, if he has not been adjudged at all to have committed these crimes, why is he registering at all? And I think that's a very good point. But it's clear that he needs to register because the legislature determined that a person who has committed these crimes is very dangerous and particularly with aggravated criminal sexual abuse and predatory criminal sexual assault of a child, they have determined that a person who has committed these crimes is sufficiently dangerous that they should register for the rest of their life. Okay. But you had said that they have to register after conviction or adjudication. But the language really goes on to say if not confined to a penal institution, hospital or other institution or facility, so if they're confined, they don't register right then and there until they're released? Not right then and there, but they do – that's the key. They do register when they're released. The point is that someone who has been either convicted or adjudicated, and again, they equate those two terms, must register. So what can this be except an adjudication? Under your analysis, if you follow your analysis or your argument, it would also fall under the definition of a criminal predator, a sexual predator. Well, that's why, Your Honor, because you have to sort through several of the sections of the Act. Someone who has been found sexually dangerous, which Mr. Wilson is not, he did not go through that special proceeding, or was sexually violent, he did not go through that special proceeding, must register forever. But also the Act says one who is determined to be a sexual predator. And then you go to the section where it says a sexual predator is someone who has been convicted of, and these two crimes are among those crimes. And again, the Act says conviction equals adjudication. And the Act later speaks of when it starts using both conviction and adjudication. If it were the intent of the legislature to include sexual predator, wouldn't they have a definition of not guilty included within the definition of sexual predator? They could have done that, Your Honor. Our position is that, again, if you sort through the various sections of the Act, read them all together as we must, that it points to the legislature's intent that someone who has committed those crimes register forever. And that's a clear intent there. If you've done these things, essentially they say, you are so dangerous, there's such a risk to the public, we want you to register forever. Well, how do you reconcile your position with the Illinois Supreme Court case People v. Pastusky, especially the language where the court said, if a judgment of acquittal is not entered, then the defendant may be held for treatment and may face prosecution once he becomes fit for trial. And they go on to say, two paragraphs down, in contrast, a defendant who is not acquitted at a discharge hearing has not gained a definitive resolution of the charges against him. So you're saying that you think the SORA statute requires registration before a final adjudication at an interim stage? Yes, Your Honor, because we believe it's an adjudication. And again, Matsuski deals with the criminal code and deals with the discharge section, the unfitness section, not the SORA Act. And what we're judging here is the intent of the legislature with regard to the SORA Act. My argument is clear. If you sort through there and if you just look at the intent, the legislature wants someone like Mr. Olson, who has essentially been found beyond a reasonable doubt by the judge, to have committed these acts to register forever. Now, I would say it allows for an interim situation whereby if he is found fit for trial before the time of the maximum sentence has expired, he could go back and be tried. And I would say that, clearly, if at that time he is found not guilty, if he is acquitted of all those charges, then we would have to rescind all, not just the lifetime, but the 10 years to rescind all registration because at that point he has no longer been adjudicated to have committed those crimes. But, you know, if you take your position and you look at the SORA Act and just even look at that statute alone, the Section 2 and 2A-5 refer to – 2A-5 talks about adjudicated a delinquent. It's one of the circumstances that would require registration. And A-5 talks about adjudicated a juvenile delinquent as a result of committing or attempting to commit an act. And down two paragraphs from that, it says, for purposes of this section, convicted shall have the same meaning as adjudicated. Doesn't that confine or tell us that the meaning of convicted and adjudicated are used interchangeably only in the context of juvenile adjudications? I mean, adjudication is the term that's used for juveniles. We know that the Juvenile Court Act doesn't use the word conviction. So isn't that plainly why the legislature used the words adjudication here? Only to refer to juveniles? To the extent that might be true, Your Honor, and I'm not conceding that because section might refer to a bigger portion, but to the extent that it's true, I would then again go back to the other section where they talk about when someone begins the registration. Well, they don't begin, but I'm not sure what you mean when begin their registration. They don't begin their registration until they're released. Or when they are adjudicated or convicted, unless they are. Well, that's not what it says, counsel. I mean, it says a sexually, well, violent person or sexual predator, this is 150-7, shall register for the period of his natural life after conviction or adjudication if, that if and the phrase that follows it, modifies what comes before, if not confined. So it doesn't start the minute there's a quote conviction or adjudication. If they're confined, it starts at a later time. It starts at a later time if they're confined, yes. Well, this defendant was confined in an institution because he has been, he was found unfit. Yes, under the facts of this case. The purpose is reading the meaning of what they're saying there. If he's not confined, it begins with the conviction or adjudication, not just a conviction. And that's my point in saying that. So follow that through. If he's not confined, okay, that means what? That he's been found fit or else the discharge time has run out. Correct? Well, no, Your Honor, because like this defendant, if he's not confined, but if he is confined, he is still subject to registering at a later time. And it's just an accident of whether he's confined or not. The point is that they're calling for registration, whether he's convicted or adjudicated. Now, whether it begins now or later depends upon whether he's confined. But the later time, if he is found fit, then he has to stay in trial, right? That's when he's convicted, presumably, or else acquitted. So then the meaning, then adjudicated, the word adjudicated is meaningless unless we're talking about a juvenile. So if he's found fit and he's tried, then obviously conviction applies, unless he's a juvenile. So that word adjudication doesn't even come into play in that situation. I would disagree. I would say that the meaning of seven is just when it begins. Once a person has been convicted or adjudicated, it begins then, unless he is confined to the, you know, in prison or jail or to a hospital. Okay, but if somebody's adjudicated and they're confined, where do you get the meaning of adjudicated then, if they're confined? Well, a person is adjudicated whether they're confined or not. I think those are two separate matters. This just determines when it starts. I mean, I don't think it's really logical to say that because a person is confined, it means they weren't convicted or adjudicated. Well, we're not talking about in a penal institution. I mean, obviously if someone's convicted and they're in a penal institution, that's not subject to our discussion here. All I'm saying, Your Honor, is whether or not a person is confined doesn't affect whether they have been convicted or adjudicated. That has happened. That's a fact. Someone has made a judgment that they are either acquitted or not acquitted. Those things have happened. It doesn't matter if after that they are adjudicated, they are confined in one way or another. What I'm using is the fact that the legislature referred to those matters as ultimate beginnings, as ultimate predicates for whether a person registers or not. Now, then they go on to say, if you're not confined, you do it right after those things happen. If you are confined, you don't do it until you are no longer confined. Do you agree that if the defendant did not file a petition for release or discharge, that he would not have to register? Do you agree with that? Well... If the defendant's institutionalized because he is mentally incapacitated to stay in trial, he does not have to register. Until he leaves the mental institution, yes, Your Honor. All right. And this defendant never left the mental institution. No. Under your theory, it impairs the defendant's right to file a petition for a discharge hearing because the consequences under your analysis would be that he would have to register for life when he's exercising a right that the government gives him, the right to a discharge hearing. And the right to the discharge hearing is important because under that hearing, the court can find there's insufficient evidence and the defendant would have to be released. If there was no finding. And the only authority the court has is to make a finding of not not guilty. To acquit or find not not guilty. And that's the crux of the matter. Our position is that the not not guilty with regard to the sorrow qualifies for registration. And because these crimes qualify him as a sexual predator, in this case, for lifetime registration. If there are no other questions, Your Honor. Yes, Your Honor. In the adult criminal code. And I this may be an impossible question, and I apologize, but is adjudicated used anywhere? As it applies to an adult. You know, Your Honor, I don't know. I would say that just in the common sense of the notification, it's a finding by a court. But it's a very specific finding by a court per the statutory authority because it specifically talks about a juvenile. So what I'm asking you is undersore. It talks about the juvenile adjudication. I'm asking you, can you point to any other place where an adult is considered to be adjudicated of something? And that results in a consequence. I can't find one. In criminal, I don't know. I think certainly it might be used with regard to involuntary commitment or termination of parental rights. But those are critical. I'm saying I don't know the section. Because as Justice Baldwin said, we wouldn't even get to this point if our defendant here had not exercised his right under the criminal procedure to have a discharge hearing. So we can't read these totally separately. He has to have the hearing. There has to have something happen at that hearing. And then as a result of that, something may happen under SORA. So we've got to tie them together somehow. And I can't see the ties so far. Well, first of all, it's my understanding it's not just if he exercises the right because the trial judge, of course, has to make a finding on fitness. It has to make a finding to determine whether or not he can be possibly made fit within a year. And then there's an extension period beyond that. And that happened here. And after that, the people have a choice. They have to go to a discharge hearing or they have to file to have him involuntarily committed. So I don't think it's just because the defendant in this case wanted a discharge hearing. Also, I think the process for an unfit defendant will bring you to that end in any regard. And, of course, simply because asking for or simply because a particular process may have good or bad ramifications doesn't necessarily mean that a person is harmed from doing it. I mean, that's the danger of taking a jury trial instead of a bench trial or just taking that instead of plea bargaining or something. You're tying us up. Thank you, Your Honor. You're welcome. Well, I think it's the safest way to go about this is to try to stick to the language of the statute as it's written. And clearly, an adjudication refers to a juvenile adjudication. It's used in the paragraph where they're talking about juveniles. And in the section about the discharge hearing, they don't use adjudication. They call it a finding. And if this legislature wanted a finding to be a conviction, it would have said so, just like it said that an adjudication is going to also be a finding. Also, under the predatory definition, we have the legislature in number five, paragraph five, convicted of a second or subsequent offense which requires registration. They don't say anything about adjudication there, but clearly they mean it. And when we get back to the wording under the duration of registration, although the language isn't totally clear, I mean, if under the any other person who is required to register as 10 years, just the language about being in a hospital or an institution or facility suggests that there's individuals like in this case where that's where they are. They're in a hospital. They're confined in a hospital and not in a penitentiary. Thank you. The case is taken under advisement and the court stands in recess.